[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Both parties appeared and were represented by counsel. CT Page 10836
Plaintiff initiated this action, alleging that he and the defendant intermarried at Waterford, Connecticut on December 22, 1993; that one of the parties has been a resident of this state for at least twelve months preceding the filing of this complaint; that there are no minor children born to the wife since the date of the marriage; that neither party has been the recipient of public assistance; and that the marriage has broken down irretrievably.
Plaintiff is a 70 year old man who is retired and is receiving a weekly net income of $413.00 from his pension and social security. He has endured health problems related to rotator cuff, hernias, and treatment for colon cancer. At the time of this hearing, he appeared to be in reasonably good health for his age. Defendant is a woman who will be 59 years old during September, 2002 and has had numerous health problems with high blood pressure, circulation problems with her right leg, knee problems with the left leg which may require knee replacement, and treatment for skin cancer. She has a limited education and was self-employed as a house cleaner at the time of her marriage to plaintiff. Since her separation from plaintiff in December, 2000, defendant cleans houses for three or four accounts per week, but her physical condition limits the amount of her activity.
After plaintiff retired in 1997, both plaintiff and defendant worked together in the operation of "Lucky's Tree Service." They expended a sum of money to buy equipment for the tree service, and although the testimony of the parties indicated the business was quite active, they reported losses on their income tax returns for 1997 and 1998.
Upon retiring in 1997, plaintiff named defendant the irrevocable survivor beneficiary on plaintiff s pension and she will receive $585.00 per month for life upon the plaintiffs death.
At the time the parties intermarried, each owned their own home and each had liquid assets that were reasonably equal. When the parties separated, plaintiffs liquid assets were pretty much depleted while defendant still possessed liquid assets which were almost equal to what she had at the time she entered into this marriage. Defendant further testified that she surrendered her monthly annuity of $342.00 and her medical coverage from her former deceased husband when she remarried. She also claimed that upon the present marriage being dissolved, she would lose the medical coverage as a spouse of a retired employee would no longer be covered after a divorce.
The plaintiff submitted evidence that the defendant is eligible for reinstatement of both death pension benefits and medical coverage upon application. The defendant offered no probative evidence to the contrary. CT Page 10837
As to the cause of the breakdown of the marriage, both parties blamed the other for the breakdown. Plaintiff alleged that defendant had a drinking problem and that he no longer could trust her. Defendant claimed that plaintiff had a drinking problem and after consuming alcohol, was abusive physically and verbally towards her.
Having heard the testimony, the court concludes that both parties were at fault for the breakdown due to alcohol consumption, but that plaintiff was more at fault due to the physical and verbal abuse. Accordingly, the court finds that the marriage is irretrievably broken down without any hope of reconciliation. A decree of dissolution is entered and after considering the provisions of Connecticut General Statutes §§ 46b-81
and 46b-82, the court enters the following orders:
1. Alimony is ordered in the amount of $1.00 per year from the plaintiff to the defendant and shall terminate upon the first of the following occurrences:
a) the death of the defendant
b) cohabitation by defendant with an unrelated male as defined by statute.
c) the reinstatement of her VA death pension benefits and medical coverage benefits.
The defendant is further ordered to apply for reinstatement of death pension benefits and medical insurance reinstatement within 30 days of the date of this judgment.
In the event of a determination that defendant is ineligible to be reinstated for such benefit and/or benefits, the defendant shall have right to modify said alimony order both as to term and amount and any such modification shall be retroactive to the date of this judgment.
2. Each party shall retain title to their respective homes at 17 North Road, Waterford, Connecticut and 458 Boston Post Road, East Lyme, Connecticut.
3. The equipment used in the business known as Lucky's Tree Service shall be sold and the net proceeds are to be divided equally between the parties.
4. Plaintiff shall retain title to the 1997 Ford 250 vehicle and defendant shall retain title to the 1991 Ford T-Bird. Each party shall CT Page 10838 execute any necessary documents to effect such transfer of title, and hold the other party harmless from any claims or expenses arising out of the ownership of their respective vehicles.
5. As to any remaining liquid assets of the parties, the failure of plaintiff to testify regarding a large sum of cash (purportedly $64,000.00) and invoking Fifth Amendment rights concerning the cash, permits the court to draw an adverse inference against the plaintiff in a civil action. Accordingly, plaintiff shall retain the balance in his checking and savings accounts and his IUOB annuity plan as shown on his financial affidavit. Defendant shall retain the balance in her checking and savings accounts and shall also retain the two CDs having a principal balance of $30,000.00, and shall also retain her Merrill Lynch account, having a balance of $11,809.20. The jointly held U.S. Savings Bonds of $6,500.00 are to be divided equally between the parties.
6. Each party shall retain the personal property in their possession with the exception that if defendant has in her possession or has knowledge of the location of plaintiffs gold coin ring and sleigh bells, she shall return same to plaintiff and plaintiff shall return to defendant such items which are in his possession or which he has knowledge of the location thereof as listed on Defendant's Exhibit No. 26.
7. Each party shall be responsible for their own attorney fees.
J.H. Goldberg, JTR